IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/17/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

REAGAN KWAMBANDA-BOOTO,
Petitioner,

v.

TODD BLANCHE, Attorney General;
Secretary, DHS;
Acting Director, ICE; and
MISTY MACKEY, Warden,
Midwest Regional Reception Center,
Respondents.

Case No. 26-3250-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner is a native of the Democratic Republic of Congo who was admitted to the United States in 2013 as a lawful permanent resident. In 2020, petitioner was convicted in Kansas state court of two counts of aggravated sexual battery. Custody of petitioner was transferred to immigration officials on September 5, 2025. On December 10, 2025, an immigration judge denied petitioner's applications for relief and ordered his removal. Petitioner appealed that order to the Board of Immigration Appeals (BIA); the BIA set a briefing schedule in March 2026; petitioner filed his brief in April 2026; and the appeal

remains pending. Petitioner is confined within this judicial district. On July 22, 2026, petitioner filed the instant habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims that his mandatory detention while his BIA appeal is pending has become unreasonably prolonged in violation of due process. The parties agree that petitioner is presently detained pursuant to 8 U.S.C. § 1226(c), which mandates detention for certain criminal aliens. This Court has concluded that Supreme Court precedent does not preclude consideration of an as-applied due process challenge to detention under Section 1226(c) without a bond hearing. *See, e.g.*, *Nguyen v. Carter*, 2026 WL 522650, at *2 (D. Kan. Feb. 25, 2026) (Lungstrum, J.). In addressing such a challenge, the Court has considered the following six factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*See id.*

Petitioner argues for application of these factors in this case. The Court concludes, however, that the factors, considered together, do not weigh in favor of petitioner and his claim of a due process violation based on his detention without a bond hearing. Petitioner has been detained by immigration officials for 12 months. While it is unknown when petitioner's appeal will be resolved, the BIA issued a briefing schedule in a reasonable time, briefing is completed, and the duration of the appeal has not become unreasonably excessive. Petitioner has not shown that the present conditions of his confinement are atypical or particularly harsh given his security status. Petitioner has not shown that the Government engaged in misconduct or acted in bad faith to delay the removal proceedings. Finally, petitioner has not shown that he is likely to prevail before the BIA, and thus it is likely that his removal proceedings will result in an order of removal. As a whole, these factors do not weigh against the Government as much as they did in *Nguyen*, in which the Court granted relief, as in that case the petitioner had been detained for nearly 21 months and had prevailed before the immigration judge, with the Government taking the appeal to the BIA. *See id.* at *2-3. Rather, the case presents circumstances similar to those in *Soto Vilchez v. Blanche*, 2026 WL 1978620 (D. Kan. July 9, 2026) (Lungstrum, J.), in which the Court denied relief despite detention lasting more than 19 months. *See id.* at *3.

Considering the relevant factors as discussed above, the Court finds that petitioner's detention without a bond hearing has not yet become unreasonable and is still supported by a purpose to effect removal. The Court therefore concludes that petitioner has not shown

a violation of due process with respect to his detention, and accordingly, it denies this claim.[1]

In his traverse, petitioner notes that in their brief respondents have addressed only the due process claim discussed above (petitioner's Count II); and although he also has confined his arguments in the traverse to that claim, he urges the Court at least to consider the other four claims asserted in the petition. Those claims do not establish a violation of federal law, however. In Count I, petitioner claims a violation of 8 U.S.C. § 1231 under the *Zadvydas* framework; but because petitioner's removal order is not yet administratively final, that statute does not apply, and petitioner states specifically in his traverse that he does not assert a claim under that statute. In Count III, petitioner claims that his detention without a likelihood of removal violates due process and *Zadvydas*; but again, he disclaims any reliance on *Zadvydas* in his traverse, and the Court has addressed his due process claim above. In Count IV, petitioner appears to claim a violation of 8 C.F.R. § 241.13, but that regulation does not apply here because petitioner's removal order is not yet administratively final. *See id.* Finally, in Count V petitioner states that he has requested a stay of removal from immigration officials, but he has not alleged that officials have denied that request or explained how any denial would violate federal law. Accordingly, because petitioner has not established a violation of federal law with respect to his detention, the Court denies the petition.

---

[1] Of course, if the appeal to the BIA drags on for an unreasonable period of time or if other circumstances change to alter the consideration of the applicable factors, petitioner would be free to file a new petition seeking a bond hearing.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 17th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge